UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS DEFINED BENEFIT PENSION FUND, NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS HEALTH FUND, NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP & JOURNEYMAN TRAINING FUND, LABOR MANAGEMENT COOPERATIVE TRUST FUND, NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS INTERNATIONAL TRAINING FUND, NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND, and JERRY SHEA (in his capacity as Trustee),**

**BUILDING TRADES UNITED PENSION TRUST FUND and DOUG EDWARDS (in his capacity as Trustee),**

**NORTHCENTRAL STATES REGIONAL COUNCIL OF CARPENTERS,**

Plaintiffs,

v.                                                                                      Case No.  __21-cv-471__

**PRECISION ATHLETIC FLOORING, LLC,**

Defendant.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by and as and for a cause of action against the Defendant, allege to the court the following:

### Jurisdiction and Venue

1.     Jurisdiction of this Court upon Precision Athletic Flooring, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA")

-2-

(29 U.S.C. § 1132), and the Wisconsin common law of contracts. Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans. The Court has supplemental jurisdiction over the Plaintiffs' claim of breach of settlement agreement under 28 U.S.C. 1367.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Carpenters' Funds' Plaintiffs are administered out of Eau Claire, Wisconsin.

### Parties

3. Plaintiffs North Central States Regional Council of Carpenters Defined Benefit Pension Fund, North Central States Regional Council of Carpenters Health Fund, North Central States Regional Council of Carpenters Apprenticeship & Journeyman Training Fund, Labor Management Cooperation Trust Fund, North Central States Regional Council of Carpenters International Training Fund, North Central States Regional Council of Carpenters Defined Contribution Pension Fund (collectively the "Carpenters Funds") are employee benefit plans within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plans maintain offices at P.O. Box 4002, Eau Claire, WI 54702.

4. Plaintiff Jerry Shea is a trustee and a fiduciary of the North Central States Regional Council of Carpenters' Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Mr. Shea maintains an office at 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

6. Plaintiff Doug Edwards is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action.

7. Northcentral States Regional Council of Carpenters is a labor union that served as the collective bargaining representative for some of Precision Athletic Flooring's employees, and administered a collective bargaining agreement between itself and Precision Athletic Flooring.

8. Precision Athletic Flooring, LLC ("Precision Athletic Flooring") is a Wisconsin limited liability company, engaged in business, with principal offices located at 1550 North Warren Avenue, Apartment 101, Milwaukee, Wisconsin 53202.  Its registered agent for service of process is Nathan Studer, 1550 North Warren Avenue, Apartment 101, Milwaukee, Wisconsin 53202.

**Facts**

9. Precision Athletic Flooring is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

10. For all times relevant, Precision Athletic Flooring was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the North Central States Regional Council of Carpenters Union ("Union").

11. The Union represents, for purposes of collective bargaining, certain Precision Athletic Flooring employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. The Labor Agreements described herein contain provisions whereby Precision Athletic Flooring agreed to make payments to the Plaintiffs' benefits funds ("Funds") by the month following the one during which work was performed for each employee covered by said Labor Agreements depending on the geographical location of work performed.

13. By execution of said Labor Agreements, Precision Athletic Flooring adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. Even after taking into account payments that it has made, Precision Athletic Flooring has failed to remit all contributions required by its collective bargaining agreement with the Northcentral States Regional Council of Carpenters to the Building Trades United Pension Trust Fund for the time period on and after October 1, 2017; and to the remaining Fund Plaintiffs for the time period on and after January 1, 2018.

15. Pursuant to the collective bargaining agreements, trust agreements, and collection policies adopted by the Plaintiffs' Board of Trustees, on all unpaid and untimely paid contributions Precision Athletic Flooring owes interest of 18 percent per annum and liquidated damages of 20 percent to the Plaintiffs.

16. Upon information and belief, Precision Athletic Flooring has deducted working dues from the paychecks of its employees; and has failed to remit such working dues to the Plaintiffs though required to do so by its collective bargaining agreement

### Claim One - Against Defendant Precision Athletic Flooring for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17. As and for the first claim for relief against Defendant Precision Athletic Flooring, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. By failing to remit all contributions to the Plaintiffs as required by a binding collective bargaining agreement, Precision Athletic Flooring has violated 29 U.S.C. §1145, thus entitling the Plaintiffs to file suit to collect all unpaid contributions.

19. Pursuant to 29 U.S.C. §1132(g)(2), the Plaintiffs are entitled to recover as required by the applicable collective bargaining agreements, trust agreements, and

-6-

collection policies, interest of 18 percent per annum and liquidated damages of 20 percent.

### Claim Two: Against Precision Athletic Flooring for Breach of a Collective Bargaining Agreement.

20.     As and for the second claim for relief against Defendant Precision Athletic Flooring, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 19 above and incorporate the same as though fully set forth herein word for word.

21.     Precision Athletic Flooring breached its collective bargaining agreement with the Northcentral States Regional Council of Carpenters by both failing to remit all contributions required by said agreements, and by failing to forward to the Council union dues deducted from the paychecks of its employees.

22.     The Plaintiffs are therefore entitled to an order requiring Precision Athletic Flooring to fully perform its obligations as required by said collective bargaining agreement.

WHEREFORE, Plaintiffs move the Court for the following relief:

a.     An order requiring Precision Athletic Flooring to pay to the Plaintiffs' Funds all contributions owed for the time period on and after October 1, 2017 for the Building Trades United Pension Trust Fund; and for the time period on and after January 1, 2018 for the remaining Fund Plaintiffs.

b.     An order requiring Precision Athletic Flooring to pay to the Plaintiff Funds liquidated damages of 20 percent of all unpaid contributions, interest computed at 18

-7-

percent per annum, and the Plaintiff Funds' actual market value attorneys' fees and costs of collection.

  c. An order requiring Precision Athletic Flooring to pay to the Northcentral States Regional Council of Carpenters all working dues that had been deducted from the paychecks of its employees but not remitted to the Council; and

  d. Such other and further relief as the Court deems just and proper.

Dated this 26th day of July, 2021..

        s/Yingtao Ho
        Yingtao Ho (SBN:1045418)
        The Previant Law Firm, S.C.
        310 West Wisconsin Avenue, Suite 100 MW
        Milwaukee, WI 53203
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: yh@previant.com
        Attorneys for the Plaintiffs